## Ronald F. Brunswick, Appellee, v. Herman, Grossman, Appellant.

### Gen. No. 25,147.

1. BILLS AND NOTES, § 368*—*what question not relevant to issues in action on note.* Where an agreement for the sale of corporate stock contains a covenant that plaintiff, the seller, will not engage in a similar line of business to that of said company for a period of years, and defendant, in an action against him to recover on the notes given by him for the purchase price of the stock, sets up a breach of the covenant as a defense, plaintiff's contentions that it does not appear that the business was one which the company was licensed to do and that the agreement was void as against public policy, are not relevant to the material issues raised in the action on the note.

2. CONTRACTS, § 190*—*when single transaction shown.* A contract for the sale of corporate stock and notes given in payment of the purchase price and delivered in escrow, "subject to the conditions" of the contract, constitute a single transaction.

3. BILLS AND NOTES, § 327*—*when implied that breach of condition should prevent payment.* Where a contract for the sale of corporate stock contains a condition that the seller will abstain from engaging in a business similar to the company's and the notes are delivered in escrow "subject to the conditions" of the contract, it is implied that if the seller engaged in such a business before the notes matured, they were not to be paid.

4. CONTRACTS, § 154*—*when agreement not to engage in business may be set up as defense to action on note.* In an action by the seller of corporate stock to recover on notes given for the purchase price thereof, where the agreement for the sale of the stock contains a condition that the seller will not engage in a similar line of business to that of the company for a period of years, defendant may set up a breach of such condition, notwithstanding the agreement was one in unnecessary restraint of trade.

5. CONTRACTS, § 154*—*when contract not to engage in business not invalid.* An agreement by one selling corporate stock to another that he will not engage in a similar line of business to that of the company for a period of 3 years is not illegal or immoral.

Appeal from the Municipal Court of Chicago; the Hon. WELLS

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

M. COOK, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1919.  Reversed and remanded.  Opinion filed
March 9, 1920.

ALBERT J. WEISBERG, for appellant; LEWIS, FOX &
BLUMBERG, of counsel.

ROSENTHAL, KURZ & HOULIHAN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the
court.

Plaintiff (appellee) filed his statement of claim pred-
icated on defendant's (appellant's) failure to pay on
demand his promissory note, then past due, for $1,000,
payable to plaintiff's order.

The sole question raised is whether the last amended
affidavit of merits stricken by the court stated a legal
defense.

It set forth an agreement between the parties for the
sale by plaintiff to defendant of 200 shares of the
capital stock of the R. Francis Company, a corpora-
tion, part of the consideration of which was evidenced
by five promissory notes of $1,000 each, the one in
question maturing 5 months from the date of the sale,
each to be delivered to one Harry J. Ganey in escrow
"subject to the conditions" of said agreement.  One
of said conditions was plaintiff's covenant not to en-
gage in a similar line of business to that of said com-
pany for a period of 3 years.

The agreement further provides that upon the ma-
turity of each of said notes the said Harry J. Ganey
shall present such note upon the date of its maturity
to defendant for payment, and upon the payment
thereof shall deliver the proceeds to plaintiff "unless
the latter shall have been guilty of a violation of this
agreement," and that if plaintiff has not been guilty of
a violation of the agreement, and the notes shall not be
paid at maturity, then said escrow holder is to deliver

them to plaintiff. On certain other contingencies he was to return them to defendant.

The affidavit further set forth the nature of said company's business and that among other violations of the agreement plaintiff had before the maturity of said note engaged in a similar line of business with said company's customers and patrons in Chicago and vicinity. An averment to the effect that plaintiff had replevined said note from said Ganey we deem unnecessary to consider.

In support of his claim that no legal defense is stated in the affidavit, appellee argues (1) that it does not appear therein that the business referred to was one which the company was licensed to do, and (2) that the agreement is void as against public policy in not limiting the territory in which appellee agreed not to do a similar business. Neither point is relevant to the material issues raised by the affidavit. As to the first, it is enough to say that this is not a contract with or a suit against the corporation; and as to the second, that the question is not one of enforcing plaintiff's agreement not to enter into a similar business but whether he can recover payment of the note when its payment is conditional upon his voluntary agreement not to engage in said business.

The contract and notes constitute a single transaction. The latter were delivered in escrow "subject to the conditions" of the former. One of those conditions was that plaintiff would abstain from engaging in a business similar to said company's, and it is a fair implication from the agreement that if he did engage in such business before the notes matured they were not to be paid, and the affidavit of merits pleads a breach of the agreement in this respect.

It is immaterial that plaintiff's agreement was one in unnecessary restraint of trade. This is not a case of enforcing that clause of the agreement. Speaking of such a contract, Chief Baron Pollock in *Green v.*

Brunswick v. Grossman, 217 Ill. App. 108.

*Price,* 13 Mees & W. 695, said: "It is not like a contract to do an illegal act. It is merely a covenant, which the law will not enforce, *but the party may perform if he chooses."* The question here is whether plaintiff having made abstentation from such business a condition of the payment of the note, and not having abstained, defendant is precluded from so pleading. We think not. It is not illegal or even immoral that plaintiff should in fact abstain from engaging in such a business. He might or not, as he chose, and hence there is nothing illegal or immoral in his agreeing that the payment of his note should be conditional on what he might lawfully choose not to do. In respect of the averment of noncompliance with a condition of payment contained in the agreement, the affidavit set up a legal defense. Hence it was error to strike it.

*Reversed and remanded.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE GRIDLEY concur.